## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

BRIDGETTE T. MCLEAN,

                                CASE NO. 19-cv-60139-UU

       Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

       Defendant.

_____

## MOTION TO DISMISS AND TO COMPEL ARBITRATION

Navient Solutions, LLC ("NSL"), by and through its undersigned counsel, hereby moves to dismiss Plaintiff's complaint and to compel arbitration. In support thereof, NSL states as follows:

## INTRODUCTION

Plaintiff filed this action alleging that NSL violated the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by making calls to Plaintiff to collect money due for her student loan. *See* D.E. 1 (the "Complaint").  NSL is the servicer of Plaintiff's student loan. *See* Exhibit A, Affidavit of Carl O. Cannon ("Aff.") ¶9. In the promissory note governing the student loan (the "Note"), Plaintiff expressly agreed to arbitrate any disputes relating to the collection of any amounts owed under the Note. *See* Exhibit A at pages 4-6. Accordingly, this matter belongs in arbitration, and this Court should compel the parties to arbitration, and dismiss this case.

## LEGAL STANDARD

Under the FAA, any party bound by an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration in the manner provided for in the agreement. *See* 9 U.S.C. § 4. "The FAA places arbitration agreements on

1

equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006)).

An arbitration agreement governed by the FAA is presumed to be valid and enforceable. *See Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226-227 (1987). The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel Workers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

"Importantly, parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable. The Supreme Court has upheld these so-called 'delegation provisions' as valid." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-70, 130 S. Ct. 2770 (2010). Contractual provisions that delegate the scope of arbitrability to the arbitrator are generally valid under the FAA. *Given v. M & T Bank Corp. (In re Checking Account Overdraft Litig.)*, 674 F.3d 1252, 1255 (11th Cir. 2012) (holding that district court erred in failure to compel arbitration because the scope of the arbitration agreement was a decision for an arbitrator); *see also Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-cv-576-J-34JRK, 2014 U.S. Dist. LEXIS 24737, at *27 (M.D. Fla. Feb. 25, 2014). Even very broad delegation provisions as to the scope of an arbitration agreement are enforceable as drafted, with the Court required to enforce the terms. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1267 (11th Cir.

303305690v1 1017492

2017) (holding that "all gateway issues of arbitrability must be sent to arbitration" when parties agreed to it in arbitration agreement).

Motions to compel arbitration are reviewed under the summary judgment standard. *See Johnson v. KeyBank Nat'l Assoc.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like" because it is "a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate.") Therefore, a court may consider information outside the pleadings for purposes of resolving the motion. *See Berger v. Accounting Fulfillment Servs. LLC*, No. 8:16-cv-744-T-30JSS, 2016 U.S. Dist. LEXIS 88782, at *6 (M.D. Fla. July 8, 2016).

## STATEMENT OF FACTS

Plaintiff admits she co-signed the Note. *See* D.E. 1 (the "Complaint") ¶11. Plaintiff alleges that NSL called her cellular phone in an attempt to collect amounts owed due under the Note. *Id*. at ¶11.  The Note contains an agreement to arbitrate claims relating to the Note. *See* Exhibit A at pages 4-6 and Aff. ¶10. Further, the arbitration agreement states that it is governed by the FAA, rather than the laws of any state concerning arbitration. *See* Exhibit A. Plaintiff did not send any notices of rejection with respect to the arbitration agreement at any time. *See* Aff. ¶11. NSL is the current servicer of the Note. *See* Aff. ¶9. Further, NSL was formerly known as "Sallie Mae, Inc.", which was at the time the Note was signed, a subsidiary of SLM Corporation. Aff. ¶ 8.  The arbitration agreement includes SLM Corporation, and its subsidiaries, as entities entitled to enforce the arbitration agreement.  *See* Exhibit A at page 4.

## MEMORANDUM OF LAW

### A. FAA Governs the Parties' Arbitration Agreement.

The arbitration agreement at issue was made pursuant to transactions involving interstate commerce and is governed by the FAA. *Perry v. Thomas,* 482 U.S. 483, 489 (1987). The FAA

3

governs the enforceability of arbitration agreements in contracts and provides that a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Thus, any doubts regarding the arbitrability of claims must be resolved in favor of arbitration. *United Steel Workers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. Federal law strongly favors the arbitration of disputes and requires that courts rigorously enforce arbitration agreements. *See Marmet Health Care Ctr. V. Brown*, 132 S. Ct. 1201, 1203 (2012); *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012). Moreover, arbitration is favored in consumer disputes; "[i]ndeed, arbitration's advantages often would seem helpful to individuals, say complaining about a product, who need a less expensive alternative to litigation." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 280 (1995). Here, the Note specifically states that the arbitration agreement is governed by the FAA. *See* Exhibit A.

**B. The Arbitration Agreement is Valid and Applies to Plaintiff's Claims.**

There is a strong federal policy in favor of arbitration, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 625-26, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). "In reviewing a motion to compel arbitration, a district court must consider three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and

(3) whether the right to arbitrate was waived." *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009) (citing *Terminix Intern. Co., LP v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1332 (11th Cir. 2005). Here, all factors require arbitration.

**1. A Valid Agreement to Arbitrate Exists.**

First, a valid written agreement to arbitrate exists. Plaintiff accepted the arbitration agreement by executing the Note, which contained a clear and conspicuous arbitration agreement. *See* Exhibit A at pages 4-6.   In fact, the agreement contains the title of "ARBITRATION AGREEMENT" in bold, underlined and capitalized letters.   Moreover, the agreement states in bold and capitalized letters that "I UNDERSTAND THAT THIS ARBITRATION AGREEMENT WILL HAVE A SUBSTANTIAL IMPACT ON MY LEGAL RIGHTS, AND THAT I SHOULD READ IT CAREFULLY."   The Arbitration Agreement further provides:

> You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. …This Arbitration Agreement is part of the SLM Financial Corporation Educational Loan Program Promissory Note ("Note").
>
> RIGHT TO REJECT ARBITRATION AGREEMENT
>
> If I act promptly, I may reject this Arbitration Agreement, in which event neither you nor I will have the right to require arbitration of any Claims.  Rejection of the Arbitration Agreement will not affect any other aspect of the Note.   To reject the Arbitration Agreement, I must act within the time frame and follow the instructions set forth below under the caption "Rejection of Arbitration Agreement."
>
> IMPORTANT NOTICE AND LIMITATIONS
>
> If you or I elect to arbitrate a Claim, neither you nor I will have the right to: (1) have a court or a jury decide the Claim; (2)

engage in pre-arbitration discovery (i.e., the right to obtain information prior to the hearing) to the same extent that you or I could in court; (3) participate in a class action in court or in arbitration, either as a class representative or a class member; (4) act as a private attorney general in court or in arbitration; or (5) join or consolidate Claim(s) with claims involving any other person.  The right to appeal is more limited in arbitration than in court.  Other rights that I would have if I went to court may also not be available in arbitration.
*See* Exhibit A.

Here, Plaintiff declined to exercise her right to reject the agreement (a right provided to her in the Note), by failing to submit the required notices of rejection. *See* Aff. at ¶11.  Plaintiff cannot claim that she did not see the arbitration agreement within the contract, as it is stated in clear and bold type. It is evident that the arbitration agreement is valid, and Plaintiff must be bound by it.

NSL is entitled to enforce the arbitration agreement. The Note clearly states: "I will not sign this Note before reading it even if otherwise advised. By signing this Note, I acknowledge that I have received a complete and exact copy of it, that I have read it, and that I understand and agree to its terms and conditions . . ." *See* Exhibit A. Further, the arbitration agreement states that: "You and l agree that either party may elect to arbitrate." *Id*. "You" is defined as "the Lender, SLM Financial Corporation; any Sallie Mae affiliate or subsidiary . . ." *See* Exhibit A at page 4. NSL was formerly known as "Sallie Mae, Inc.", which was at the time the Note was signed, a subsidiary of SLM Corporation. Aff. ¶  8.The arbitration agreement includes SLM Corporation, and its subsidiaries, as entities entitled to enforce the arbitration agreement. *See* Exhibit A at page 4. Further, NSL services Plaintiff's student loan on behalf of the current holder of the Note. Therefore, NSL is entitled to enforce the arbitration agreement in Plaintiff's Note.

303305690v1 1017492

### 2. Plaintiff's Claims Are Subject to Arbitration.

Second, Plaintiff's claims are clearly within the scope of the arbitration agreement. Plaintiff's Complaint purports to state claims for violations of statutory law arising from NSL's alleged efforts to collect on Plaintiff's student loan, which is governed by the Note. *See* Complaint ¶11. The arbitration agreement is broad and requires the arbitration of "any claim, dispute or controversy [. . .] that arises from or relates in any way to this Note…" *See* Exhibit A at page 5. The provision also explicitly includes statutory claims and claims relating to the collection of amounts due under the Note. *Id*. Because Plaintiff's claims against NSL relates to the Note, the claims indisputably fall within the scope of the arbitration agreement, and the Court must compel arbitration of Plaintiff's claims.

### 3. There Has Been No Waiver of Right to Arbitration.

Finally, NSL did not waive its right to arbitrate. NSL filed this Motion prior to filing any other responsive pleading with the Court. Furthermore, NSL notified Plaintiff's counsel of the existence of an arbitration provision governing Plaintiff's claims prior to filing the present Motion. Accordingly, there has been no waiver of NSL's contractual right to enforce the arbitration provision and the Court should therefore compel arbitration and dismiss this matter.

### C. The Court Must Dismiss the Lawsuit Pending Arbitration.

Procedurally, upon finding the existence of a valid agreement to arbitrate, the Court may dismiss the action pending arbitration. *Farris v. Carnival Corp.*, No. 17-24668-CV, 2018 U.S. Dist. LEXIS 59134, at *10 (S.D. Fla. Apr. 5, 2018) (dismissing claims and compelling arbitration). NSL respectfully requests that the Court dismiss this action. Alternatively, NSL respectfully requests this Court stay this case pending the completion of arbitration. *See* 9 U.S.C. § 3.

## CONCLUSION

This Court should grant NSL's motion to compel arbitration and dismiss this action. There is no doubt that Plaintiff's claims against NSL relate to the Note, and are, therefore, subject to the arbitration agreement. Secondly, the arbitration agreement contained within the Note is clear, conspicuous, and valid. Lastly, NSL has not waived its right to arbitrate. Therefore, this Court should compel the Parties to complete arbitration and dismiss this action.

## RULE 7.1(A)(3) CERTIFICATION

Undersigned counsel has conferred with counsel for Plaintiff on February 26, 2019, regarding the relief sought in this motion. Plaintiff opposes the relief sought herein.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*s/Neda Ghomeshi*

Barbara Fernandez
Florida Bar No. 0493767
Neda Ghomeshi
Florida Bar No. 123554
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary: bfernandez@hinshawlaw.com
nghomeshi@hinshawlaw.com
Attorneys for NSL

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been

served via CM/ECF on this 27th day of February, 2019 upon the following:

Kevin Rajabalee, Esq.
KR LEGAL, P.A.
3440 Hollywood, Blvd., Ste 415
Hollywood, FL 33021
Telephone: (954) 667-3096
Email: Kevin@KRlegal.net

Keven Ackerman, Esq.
THE ACKERMAN LAW FIRM, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Tel: (305) 359-5228
Email: Kevin@Ackermanfrm.com

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*s/Neda Ghomeshi*
Barbara Fernandez
Florida Bar No. 0493767
Neda Ghomeshi
Florida Bar No. 123554
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary: bfernandez@hinshawlaw.com
nghomeshi@hinshawlaw.com
Attorneys for NSL

303305690v1 1017492